FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

97 AUG -4 AM 9:50

U.S. DISTRICT COURT
N.D. OF ALABAMA

TOM BOYETTE,  }
  }
  Plaintiff,  }
  }
v.  }   CASE NO. CV 97-B-0591-S
  }
JEFFERSON COUNTY  }
DEPARTMENT OF JUVENILE  }
SERVICES,  }
  }   ENTERED
  Defendant.  }
  AUG 04 1997

## MEMORANDUM OPINION

This matter is before the court on the motion to dismiss of defendant Jefferson County Department of Juvenile Services ("defendant"), which the court by Order dated March 27, 1997, converted into a motion for summary judgment. Upon consideration of the motion, the submissions of the parties, the argument of counsel, and the relevant law, the court is of the opinion that defendant's motion is due to be denied.

### FACTUAL SUMMARY

In September of 1989, plaintiff Tom Boyette ("Boyette" or "plaintiff") began employment with defendant as a juvenile probation officer assigned to the Jefferson County Family Court, Birmingham Division. (Compl. at ¶ 6). When he began his employment, plaintiff's immediate supervisor was Elizabeth Still ("Still"). (*Id.*)

Plaintiff maintains that Still began to criticize his job performance, making comments to the effect that because plaintiff is a man, his performance is substandard. (*Id.* at ¶ 9). After continuing to experience similar gender-related comments, and complaining to his supervisors regarding such comments, plaintiff was transferred to the supervision of John

12

Duke. (*Id.* at ¶¶ 9, 10). According to plaintiff, however, Still continued to criticize his performance and claim that he is inferior because of his gender. (*Id.* at ¶¶ 10, 11). Although plaintiff made several complaints to his supervisors regarding Still's behavior, no action was taken against Still to correct her conduct. (*Id.* at ¶ 11).

On or about February 1, 1995, Tom Monroe ("Monroe"), who had previously been a subordinate of Still before he was promoted to department head, approached plaintiff and informed him that he was being transferred to the Bessemer Division for the Jefferson County Family Court. (*Id.* at ¶¶ 11, 12). For various reasons, plaintiff expressed to Monroe his desire not to transfer to the Bessemer Division. (*Id.* at ¶ 12).

On or about February 15, 1995, plaintiff contacted the Jefferson County Personnel Board and made a complaint\grievance regarding the transfer, expressing his belief that he felt the transfer was punitive in nature in that it was a continuation of the pattern and practice by Still, through the use of her influence on Monroe, of sexually discriminating against the plaintiff . (*Id.* at ¶ 13). After contacting Still, Monroe, and the plaintiff, an investigator from the Personnel Board informed plaintiff that no action was being taken to correct the problem.

On February 20, 1995, plaintiff filed a written grievance with the Jefferson County Personnel Board in which he, once again, complained of both the sexually hostile work environment created by Still and the punitive nature of the transfer. (*Id.* at ¶ 14).

On February 21, 1995, plaintiff received notice of a contemplated disciplinary action for failing to report to the probation officer's position in the Bessemer Division as ordered. (*Id.* at ¶ 15). On February 28, 1995, plaintiff received a directive from Monroe to report to his newly-assigned position in the Bessemer Division. (*Id.* at ¶ 16). Monroe also informed

plaintiff that if he refused to report, he would be placed on leave with pay until March 7, 1995, at which time a hearing would be held on the contemplated disciplinary action. (*Id.*) On March 7, 1995, plaintiff was terminated from his employment with the Jefferson County Department of Juvenile Services. (*Id.* at ¶ 17).

On March 17, 1995, plaintiff filed a notice of appeal with the Personnel Board of Jefferson County (the "Board"), Alabama, in which he admitted to his guilt, in part, but claimed that his dismissal was too severe. (Ex. I to Def.'s Mot. for Summ. J.) After conducting a hearing on plaintiff's appeal in August of 1995, the Board sustained plaintiff's dismissal on August 31, 1995. (Ex. K to Def.'s Mot. for Summ. J.)

Thereafter, plaintiff appealed the Board's decision to the Circuit Court of Jefferson County, Alabama; the Board's decision was affirmed by the Circuit Court on March 15, 1996. (Exs. L & O to Def.'s Mot. for Summ. J.) On March 29, 1996, plaintiff appealed the Circuit Court's decision, and on November 22, 1996, the Court of Civil Appeals of Alabama affirmed the decision of the Circuit Court. (Exs. P & Q to Def.'s Mot. for Summ. J.)

On March 7, 1997, plaintiff filed a two count complaint. In the first count, plaintiff alleges that defendant created a hostile work environment on the basis of his sex in violation of "42 U.S.C. Section 1983 and 2000(e) et seq. as amended." (Compl. at unnumbered p. 5). In the second count, plaintiff contends that he was discharged in retaliation for his complaints regarding sexual discrimination in violation of "42 U.S.C. Section 1983 and 2000(e) et seq. as amended." (Compl. at unnumbered p. 7).

On March 26, 1997, defendant filed the motion to dismiss, or in the alternative, motion for summary judgment. Thereafter, the court entered an Order converting defendant's motion

to dismiss into a motion for summary judgment. Having received plaintiff's opposition to defendant's motion, as well as defendant's reply thereto, this matter is now ready for decision.

## DISCUSSION

In its motion for summary judgment and accompanying brief, defendant cites 28 U.S.C. § 1738, and argues that full faith and credit should be given to the judgments of the state courts upholding plaintiff's dismissal. Under 28 U.S.C. § 1738, the records and judicial proceedings of any court of any State "or copies thereof, . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." Defendant relies upon the doctrines of res judicata and collateral estoppel to prevent plaintiff from raising the claims alleged in his complaint in this forum. The applicability of the doctrine of res judicata depends upon the following: "'(1) prior judgment rendered by court of competent jurisdiction; (2) prior judgment on the merits; (3) parties to both suits substantially identical; and (4) same cause of action present in both suits.'" *Ex Parte Shelby Medical Center, Inc.*, 564 So. 2d 63, 68 (Ala. 1990) (citation omitted). With respect to collateral estoppel, this doctrine applies when:

> '(1) there is identity of the parties or their privies; (2) there is identity of issues; (3) the parties had an opportunity to litigate the issues in the administrative proceeding; (4) the issues to be estopped were actually litigated and determined in the administrative proceeding; and (5) the findings on the issues to be estopped were necessary to the administrative decision.'

*Id.* (citation omitted).

In the instant case, after he was terminated for failing to appear at the Bessemer Intake and Probation Office, plaintiff appealed his employer's decision to the Personnel Board

4

of Jefferson County, Alabama. The Personnel Board heard plaintiff's appeal on August 3, 8, 15, and 24, 1995. On August 31, 1995, the Board sustained plaintiff's dismissal. Plaintiff made subsequent appeals to the Circuit Court of the Tenth Judicial Circuit of Alabama and the Court of Civil Appeals of Alabama; both of these courts affirmed plaintiff's termination.

Defendant contends, inter alia, that the claims averred in plaintiff's complaint, namely that plaintiff was forced to work in a hostile work environment and that he was terminated in retaliation for complaining about gender discrimination, were litigated and decided by the Board and courts below, which prevents plaintiff from raising those claims in this federal forum. The court disagrees. As stated, for the doctrine of res judicata to apply, the same cause of action must be presented in both suits. Similarly, to bar plaintiff from raising the issue of discrimination under the doctrine of collateral estoppel, the court must find that plaintiff had an opportunity to litigate the issues raised in his complaint in the administrative proceeding, and that such issues were actually litigated and determined in the administrative proceeding. After reviewing the documents and the testimony presented to the Personnel Board, the court is of the opinion that neither the doctrine of res judicata nor collateral estoppel serve as a bar to the claims and issues presented by plaintiff in the instant case.

In his notice of appeal, plaintiff argued that the reason the disciplinary action should not take place is because termination is too severe a penalty and because the basis for the dismissal was punitive, discriminatory, and unfounded." (Ex. I to Def.'s Mot. for Summ. J.) Although plaintiff raised the issue of discrimination in his notice of appeal, at the hearing before the Personnel Board, the members of the Board limited the focus of the hearing to the issue of the severity of plaintiff's termination, and not the reason for the termination. For

5

example, during cross examination of Judge Sandra Storm at the administrative hearing, one of the members of the Personnel Board, Ms. Linda M. Daniel, interrupted questioning and stated: "I thought that we were going to discuss the severity of the dismissal, not the reason behind why the dismissal took place." (Transcript of Hearing before Personnel Board of Jefferson County, Alabama at 25).[1] Following this statement was the statement of the Chairman of the Personnel Board, Mr. James B. Johnson, in which he said: "Why the transfer took place. You know, the Family Court does not have to justify to us why it chose to transfer Tom Boyette." (*Id.*) Moreover, later in the hearing Chairman Johnson stated: "Let me interrupt now and tell you what we are here -- and what we are going to focus on. I mean, we don't need for you to justify the transfer." (*Id.* at 56).

Additionally, the limited focus of the administrative hearing is further exemplified by the statements made during the hearing by the attorneys representing plaintiff and plaintiff's employer, Messrs. Lawrence B. Sheffield, Jr. and Charles S. Wagner, respectively. First, as for Mr. Sheffield, in his opening statement he stated: "Now what the Board has said that they would not consider that there was some discrimination and personal bias against him which caused him to be selected. If you're not going to consider that, we would object to it, but that would be, of course, your call." (Transcript of Hearing at 13). Turning to Mr. Wagner, as plaintiff points out, the hearing transcript is replete with the objections of defendant's counsel to the presentation to any evidence of discrimination against plaintiff. For example, while Mr. Sheffield was cross examining a witness, Mr. Wagner interrupted with the following

---

[1] Hereinafter "Transcript of Hearing"

6

objection: "I'm going to object and I'll tell you why: We, I think, stated that we were not going to look as to what motives there were behind the decision." (*Id.* at 53). Chairman Johnson responded: "Exactly, objection sustained."

In *Allen v. McCurry* 449 U.S. 90, 105 (1980), the Court discussed the principles underling the doctrine of collateral estoppel, and in doing so offered this limitation to the applicability of the doctrine: "[O]ne general limitation the Court has repeatedly recognized is that the concept of collateral estoppel cannot apply when the party against whom the earlier decision is asserted did not have a 'full and fair opportunity' to litigate that issue in the earlier case." *Id.* at 95 (citations omitted). Although the Court in *Allen* made this statement in the context of discussing collateral estoppel, in *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 481 n.22 (1982). the Court extended this limitation to the doctrine of res judicata, stating: "While our previous expressions of the requirement of a full and fair opportunity to litigate have been in the context of collateral estoppel or issue preclusion, it is clear from what follows that invocation of res judicata or claim preclusion is subject to the same limitation." In the instant case, the court has reviewed plaintiff's complaint, the transcript of the administrative hearing, and the other exhibits submitted by defendant in support of its motion for summary judgment. After such review, the court concludes that plaintiff did not have a full and fair opportunity to litigate his discrimination claims at the administrative level. Consequently, defendant is unable to invoke the doctrines of res judicata and collateral estoppel to prevent plaintiff from raising his discrimination claims in this forum.

## CONCLUSION

Based upon the foregoing, the court is of the opinion that defendant's motion for summary judgment is due to be denied. An Order denying defendant's motion will be entered contemporaneously herewith.

**DONE** this 4th day of August, 1997.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
United States District Judge