FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

98 DEC 29 PM 4: 05

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| TOM BOYETTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. CV 97-BU-0591-S |
| | ) |
| JEFFERSON COUNTY DEPARTMENT | ) |
| OF JUVENILE SERVICES, | ) |
| | ) |
| Defendant. | ) |

ENTERED
DEC 2 9 1998

## Memorandum Opinion

This cause comes on to be heard on a motion to dismiss or, in the alternative, for summary judgment filed by the defendant Jefferson County Department of Juvenile Services on November 7, 1997. In its motion, the defendant contends that the plaintiff, Tom Boyette ("Boyette"), is precluded from asserting his action alleging gender discrimination and retaliatory discharge in violation of 42 U.S.C. § 1983 and 42 U.S.C. § 2000e *et seq.* ("Title VII").

Because evidence has been submitted to the court with the motion to dismiss, the instant motion will be considered as a motion for summary judgment. *See* Federal Rule of Civil Procedure 12(b). Summary judgment provides the parties an invaluable opportunity to test the mettle of a case before it ever reaches trial. On a motion for summary judgment, the court assesses all of the proof the parties can bring to bear in order to ascertain whether a genuine need for trial is present. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is weighed heavily in favor of the non-movant; it is appropriate only if the court concludes that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex*

47

*Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment has the initial responsibility of informing this court of the grounds for its motion and specifically identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits that it believes demonstrate the absence of a genuine issue of material fact. Id. at 323. The movant's burden is not meager; it must illuminate for the court the reasons why the non-movant cannot or does not raise a genuine issue of material fact sufficient to support a trial.

Once the moving party has satisfied this initial burden, however, the nonmoving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." *Howard v. BP Oil Company*, 32 F.3d 520, 523 (11th Cir. 1994). Rule 56(e) requires the nonmoving party to "go beyond the pleadings" and by "affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts'" showing there exist genuine issues for trial. *Celotex*, 477 U.S. at 324; *Cottle v. Storer Communication, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988). "Tenuous insinuation" and empty speculation based on loose construal of the evidence will not satisfy the non-movant's burden. *Cf. Mesnick v. General Elec. Co.*, 950 F.2d 816, 820 (1st Cir. 1991), *cert. denied*, 504 U.S. 985 (1992).

While the court may consider the offered "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" in deciding whether to grant or deny a summary judgment motion, FED. R. CIV. P. 56(c), the Rule "saddles the non-movant with the duty to 'designate' the specific facts in the record" supporting its claims. *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996). "Rule 56 . . . does not impose upon the district court a duty to survey the entire record in search of evidence to support a non-movant's opposition." *Id. See also Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir.) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment."), *cert. denied*, — U.S. —, 116 S.Ct. 74 (1995).

In resolving whether a given factual dispute requires submission to a jury, the court must inspect the presented evidence through the looking glass of each party's substantive evidentiary burden. *Anderson*, 477 U.S. at 254-55. The court, however, must avoid weighing conflicting evidence for probity or making credibility determinations. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). "It is not part of the court's function, when deciding a motion for summary

judgment, to decide issues of material fact, but rather decide whether such issues exist to be tried. The Court must avoid weighing conflicting evidence or making credibility determinations." *Hairston v. Gainesville Sun Publishing Co.*, 9 F.3d 913, 919 (11th Cir. 1993). At the same time, "[t]he nonmoving party must provide more than a mere scintilla of evidence to survive a motion for judgment as a matter of law; 'there must be a substantial conflict in evidence to support a jury question.'" *Tidwell v. Carter Products*, 135 F.3d 1422, 1425 (11th Cir. 1998) (*citing Carter v. City of Miami*, 870 F.2d 578, 581 (11th Cir.1989)).

## Facts

In September of 1989, Boyette began employment with the defendant as a juvenile probation officer assigned to the Jefferson County Family Court, Birmingham Division. When he began his employment, the plaintiff's immediate supervisor was Elizabeth Still ("Still"). The plaintiff maintains that, as his supervisor, Still criticized his job performance, making comments that, being a man, the plaintiff's performance was substandard. After continuing subjection to such gender-related comments, and after complaining to his supervisors regarding such comments, Boyette was transferred to the supervision of John Duke. According to plaintiff, however, Still continued to criticize his performance and taunt him about the inferiority of his gender. Again, the plaintiff complained to his supervisors about Still's behavior, but to no avail; no action was ever taken against Still to correct her alleged conduct.

On or about February 1, 1995, Tom Monroe ("Monroe"), who, before he was promoted to department head, had been a subordinate of Still, approached the plaintiff with the news that he was being transferred to the Bessemer Division for the Jefferson County Family Court. The plaintiff expressed to Monroe his desire not to be transferred to the Bessemer Division.

Boyette contacted the Jefferson County Personnel Board four days later and registered a complaint regarding the transfer. He expressed his belief that the transfer was punitive in nature and that it was a continuation of Still's practice, through the use of her influence on Monroe, of sexually discriminating against the plaintiff. After contacting Still, Monroe, and the plaintiff, an investigator from the Personnel Board informed Boyette that no action would be taken to correct the alleged problem.

On February 20, 1995, the plaintiff filed a written grievance with the Jefferson County Personnel Board in which he, once again, complained that Still had created a sexually hostile work environment and that his transfer to the Bessemer Division was punitive in nature. The next day, the plaintiff received notice of a contemplated disciplinary action for his failure to report to the probation officer's position in the Bessemer Division as ordered.

A week passed in which the plaintiff failed to appear at the Bessemer Division. Monroe then issued a directive to the plaintiff to report to his newly-assigned position. Monroe also informed the plaintiff that if he refused to report, he would be placed on leave with pay until March 7, 1995, at which time a hearing would be held on any contemplated disciplinary action. The plaintiff chose to stay home. On March 7, 1995, plaintiff was terminated from his employment with the Jefferson County Department of Juvenile Services.

The plaintiff filed a notice of appeal with the Personnel Board of Jefferson County (the "Board"), Alabama, on March 17, 1995, in which he admitted to his failure to report, in part, but claimed that dismissal from his job was too severe a punishment. After conducting a hearing on Boyette's appeal in August of 1995, the Board sustained the plaintiff's dismissal on August 31, 1995. Thereafter, the plaintiff appealed the Board's decision to the Circuit Court of Jefferson County, Alabama; the Board's decision was affirmed by the Circuit Court on March 15, 1996. On March 29, 1996, the plaintiff appealed the Circuit Court's decision, and on November 22, 1996, the Court of Civil Appeals of Alabama affirmed the decision of the Circuit Court.

On March 7, 1997, the plaintiff filed a two count complaint in this court. In his first count, the plaintiff alleges that defendant created a hostile work environment on the basis of his sex in violation of 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. The plaintiff raises claims under § 1983 and Title VII in the second count of his complaint that he was discharged in retaliation for his complaints about sexual harassment.

On the same day (March 7, 1997) that he filed his federal complaint, the plaintiff filed a complaint in the Circuit Court of Jefferson County, Alabama, naming Jefferson County, Buckelew and Still as defendants. The complaint contained a catalogue of claims: wrongful termination, age discrimination under ADEA, breach of contract, breach of implied covenant of good faith, outrage, fraud and defamation (against Still only).

Nineteen days later, on March 26, 1997, the defendant filed a motion to dismiss, or in the

alternative, motion for summary judgment, with this court claiming that principles of res judicata and collateral estoppel precluded this suit by the plaintiff. Thereafter, the court entered an Order converting defendant's motion to dismiss into a motion for summary judgment. Then, on August 4, 1997, the court issued a memorandum opinion and an accompanying order denying the defendant's motion for summary judgment.

On October 29, 1997, the Jefferson County Circuit Court granted summary judgment on all counts of the plaintiff's complaint in state court (except for the defamation claim against Still) pursuant to the principles of res judicata and collateral estoppel. The plaintiff appealed. On April 17, 1998, the Alabama Civil Court of Appeals rejected the plaintiff's appeal from Jefferson County Circuit Court and upheld summary judgment based on the principles of res judicata and collateral estoppel. *See Boyette v. Jefferson County* 1998 WL 180529 (Ala. Civ. App. 1998).

## Contentions & Analysis

Currently before the court is the defendant's second motion for summary judgment based on principles of res judicata and collateral estoppel. In its first motion for summary judgment, the defendant argued that Boyette had litigated his claim of sex discrimination in his previous hearing before the Personnel Board, which was unsuccessfully appealed to a panel of Circuit Court judges and then to the Alabama Court of Civil Appeals.[1] However, the district court denied the defendant's motion for summary judgment on the basis that the plaintiff did not have an opportunity to fully and fairly litigate his sex discrimination claim in *Boyette I*. In support of its conclusion, the court cited numerous portions of the personnel hearing transcripts which demonstrated that the underlying issue was the severity of the plaintiff's termination rather than the reason for Boyette's dismissal. In fact, in the hearing before the Personnel Board, the defendant's attorney continually objected that any presentation of evidence of sex discrimination was irrelevant. Further, there were statements by members of the Personnel Board evincing a belief that the hearing was limited to the issue of the severity of the punishment.

On the same day that plaintiff filed this suit in federal district court, plaintiff also filed a suit

---

[1] The termination hearing and subsequent appeals will be referred to herein as "*Boyette I*".

in Jefferson County Circuit Court against the Personnel Board of Jefferson County, Mary Buckelew, a Jefferson County commissioner and Elizabeth Still, claiming wrongful termination, age discrimination under ADEA, breach of contract, breach of implied covenant of good faith, outrage, fraud, and defamation (against Still only). The Circuit Court granted summary judgment for the defendants on all counts (except the defamation claim against Still) based on the principles of res judicata. The Jefferson County Circuit Court found that:

> [p]laintiff could have raised before the Jefferson County Personnel Board any and every defense to his termination including the issue he seeks to litigate in this case. Instead, with the assistance of legal counsel, he admitted his guilt.... The Court FINDS that Plaintiff has had the full and fair opportunity to litigate in the earlier proceedings the claims and issues made in this case and now they are barred.

(Exhibit A-1; Circuit Court of Jefferson County, Case No. CV97-1443).

The plaintiff then appealed only the dismissal of the ADEA claim to the Alabama Supreme Court, which transferred the appeal to the Alabama Court of Civil Appeals.[2] The court affirmed the decision of the Jefferson County Circuit Court, heavily relying on the Alabama Supreme Court's decision in *Ex parte Smith*, 683 So. 2d 431 (Ala. 1996), *cert denied*, — U.S. —, 117 S.Ct. 1426 (1997), stating that:

> while the Board may not have had legal competence to hear the employee's ADEA claim, even had it allowed the employee to present evidence of age discrimination, his failure to assert it during the pendency of judicial review of the Board's decision in the circuit court and this court on appeal in *Boyette* I constitutes a waiver of his right to litigate, in state court, the permissibility of his termination under federal law.

*Boyette v. Jefferson County*, 1998 WL 180529 (Ala. Civ. App. 1998).

In its second motion for summary judgment, the defendant contends that this court should have granted its first motion for summary judgment. Yet, the defendant changes its position in regard to whether plaintiff's Title VII claim was litigated in Boyette I. In its first motion for summary judgment, the defendant contended that Boyette had litigated the issue of sex discrimination in *Boyette* I and thus was barred from raising it again. By contrast, the second motion for summary judgment contains an assertion that:

> [w]hat Boyette mischaracterized as the Board's refusal to hear his Title VII claims was, in fact, the natural and expected result of a guilty plea. Boyette could have not plead guilty and he could have raised before the Personnel Board all the Title VII claims he makes in this case. He abandoned these claims by pleading guilty.

---

[2]Hereinafter known as "*Boyette* II".

(Def.'s (Second) M. for Sum. J. at 4). This statement acknowledges that the Board refused to consider the plaintiff's sex discrimination claims because he plead guilty for failing to report to the Bessemer office when so commanded. By admitting that he chose not to obey the report for work order, the plaintiff simply sought to reduce the severity of his punishment and thus be reinstated as a probation officer.

Because the plaintiff admitted that he had failed to report, the Personnel Board treated much of the evidence regarding the alleged sex discrimination as irrelevant. However, Boyette could not have reasonably expected that he disobeyed an order would preclude any subsequent claim of sex discrimination. An admission that he *did* violate an order does not entail an admission that the order was not based on a discriminatory intent. Thus, the defendant's contention that Boyette's admission to disobeying an order precluded a subsequent suit for sex discrimination is without merit. The Alabama Court of Civil Appeals in *Boyette II* relied heavily on the Alabama Supreme Court's decision in *Ex parte Smith*, 683 So. 2d 431 (Ala. 1996) in deciding that plaintiff's suit was barred by res judicata and collateral estoppel. In *Ex parte Smith*, a state college instructor challenged his dismissal, claiming that his termination was in retaliation against his First Amendment right to free speech. *Ex parte Smith*, 683 So. 2d at 433. He appealed the decision to an administrative review panel, which upheld his dismissal and rejected his First Amendment claim. *Id.* Instead of appealing the decision of the administrative review panel to a panel of three Circuit Court judges pursuant to Ala. Code § 41-22-20(k) (1975), Smith filed a separate action in Alabama Circuit Court. *Id.* The Alabama Supreme Court noted that a Circuit Court acting in a appellate capacity would be required to review any First Amendment claims de novo. *Id.* at 436. Thus, it upheld summary judgment for the defendants stating that:

> [h]is failure to appeal the ruling of the review panel to the appropriate circuit court acts as a waiver of any right to relitigate these issues, because the circuit court could have adequately determined the constitutional issues raised by him.

*Id.*

Several distinctions between *Smith* and the instant case stand out. In *Smith*, the plaintiff actually raised his substantive claims in front of the administrative agency and then chose not to appeal the decision once he lost. *Id.* at 432. Thus, the Alabama Supreme Court held that his failure to appeal this ruling precluded a subsequent suit on those same issues. *Id.* at 436. In this case, the plaintiff's sex discrimination claims were not decided by the Personnel Board; indeed, the Alabama

Court of Civil Appeals' opinion in *Boyette I* never mentioned any claim by the plaintiff of sex discrimination. *See Boyette v. Personnel Board*, 695 So.2d 21 (Ala. Civ. App. 1996). The principles of res judicata and collateral estoppel do not apply "when the party against whom the earlier decision is asserted did not have a 'full and fair opportunity' to litigate the issue in the earlier case." *Allen v. McCurry*, 449 U.S. 90, 105 (1980). Therefore, since the plaintiff did not have a full and fair opportunity to litigate his claim of sex discrimination in front of the Personnel Board, the unsuccessful appeal to the Circuit Court and then the Alabama Court of Civil Appeals does not preclude a subsequent Title VII claim in federal court.

The defendant also contends that the Alabama Civil Court of Appeals decision in *Boyette* II precludes this sex discrimination suit pursuant to 28 U.S.C. § 1738. Section 1738 of Title 28 provides that:

> Such acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its territories and possessions as they have by law or usage in the courts of such state, territory or possession from which they are taken.

28 U.S.C. § 1738. The Supreme Court has held that 28 U.S.C. § 1738 "requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the state from which the judgments emerged." *Kremer v. Chemical Construction Co.*, 456 U.S. 461, 466 (1982). The defendant contends that because the Court of Civil Appeals stated that it was precluded from addressing the merits of the plaintiff's suit in *Boyette II*, this court is required by the full faith and credit statute to reach the same conclusion.

In *Kremer v. Chemical Construction Co.*, after an employee filed an employment discrimination charge with the EEOC, the EEOC referred the charge to the New York agency charged with enforcing the employment discrimination laws. *Id.* at 463-64. This agency rejected the employee's claims. In both an administrative appeal and in an appeal to the Appellate Division of the New York Supreme Court, the plaintiff's discrimination claims were rejected. *Id.* at 464. While the employee had a right to appeal the decision to the New York Court of Appeals, he did not do so. *Id.* Instead, the employee brought a Title VII suit in federal district court. *Id.* at 465. The Supreme Court affirmed the dismissal of the action by the district court on the basis of res judicata and further held that the district court was required by 28 U.S.C. § 1738 to give preclusive effect to the state court's judgment that upheld the administrative agency's rejection of the employee's Title VII claim.

*Id.* at 485.

In view of *Kremer*, it is clear that if the plaintiff's Title VII claim had been litigated before the Personnel Board and the claim had been reviewed by the Circuit Court and Alabama Court of Appeals in *Boyette I*, this court would be obligated by 28 U.S.C. § 1738 to grant summary judgment for the defendant. However, the district court has previously determined that the sex discrimination claim was not litigated in front of the Personnel Board. Thus, when the decision of the Board was reviewed by the Circuit Court and the Alabama Court of Civil Appeals, plaintiff's Title VII claim was not before them for consideration.[3] Subsequently, in *Boyette II*, dismissal was not premised on a discussion of the merits of the case. Therefore, there is no state court decision on the merits on which to base a grant of summary judgment. Rather, there is a subsequent decision by the Alabama Court of Civil Appeals stating that the plaintiffs failure to assert an ADEA claim during the "pendency of judicial review of the Board's decision in the circuit court and this court on appeal in *Boyette* I constitutes *a waiver of his right to litigate, in state court, the permissibility of his termination under federal law.*" *Boyette v. Jefferson County*, 1998 WL 180529 (Ala. Civ. App. 1998) at *6 (emphasis added).

The defendant asks this court not simply to follow *Kremer*, but to go beyond it. In *Kremer*, the Supreme Court stated that "it is clear that unreviewed administrative determinations by state agencies also should not preclude such [de novo] review *even if such a decision were to be afforded preclusive effect in a State's own courts.*" *Id.* at 470 n.7(emphasis added). Further, the Alabama Supreme Court in *Ex parte Smith* acknowledged that the plaintiff's suit would not have been precluded if it had been filed in federal court, notwithstanding the fact that it deemed the claims precluded in the Alabama state courts. *Ex parte Smith*, 683, So. 2d 431, 434 (Ala. 1996).[4] Therefore, neither the federal nor Alabama state courts take the position that § 1738 mandates that federal courts deem a claim precluded merely because it would have been precluded in state court. Rather, § 1738 has been interpreted to require federal courts to apply preclusion only when a state court has

---

[3]The Alabama Court of Civil Appeals in *Boyette* I never mentioned the sex discrimination claim in its opinion. *See Boyette v. Personnel Bd.*, 695 So. 2d 21 (Ala.Civ.App. 1996).

[4]*See also Gjellum v. City of Birmingham*, 829 F.2d 1056, 1065 (11th Cir. 1987)("in the context of section 1983 suits, the federal common law of preclusion does not require application of state claim preclusion rules to unreviewed state administrative decisions.").

reviewed the merits of a federal employment discrimination claim. In this case, Boyette did not present an employment discrimination claim to the Circuit Court or Alabama Court of Civil Appeals. Thus, Boyette's claim can not be precluded in federal court, even though it is precluded in state court.

Putting aside *Kremer*, § 1738 does not permit preclusion of the instant claim. Section 1738 merely requires that a federal court give a decision the same preclusive effect that state law would give it. *Kremer v. Chemical Construction Co.*, 456 U.S. at 466. The applicability of the doctrine of res judicata under Alabama law depends upon the following: "'(1) prior judgment rendered by court of competent jurisdiction; (2) prior judgment on the merits; (3) parties to both suits substantially identical; and (4) same cause of action present in both suits.'" *Ex Parte Shelby Medical Center, Inc.*, 564 So. 2d 63, 68 (Ala. 1990) (citation omitted). With respect to collateral estoppel, this doctrine applies when:

> '(1) there is identity of the parties or their privies; (2) there is identity of issues; (3) the parties had an opportunity to litigate the issues in the administrative proceeding; (4) the issues to be estopped were actually litigated and determined in the administrative proceeding; and (5) the findings on the issues to be estopped were necessary to the administrative decision.'

*Id.* (citation omitted). Thus, both res judicata and collateral estoppel require that there have been a prior adjudication on the merits. Yet, in neither *Boyette I* nor *Boyette II* were any substantive issues regarding the permissibility of the plaintiff's termination under federal law presented, reviewed, or adjudicated upon. Therefore, the plaintiff's sex discrimination claim is not barred by either the doctrine of res judicata or collateral estoppel.

The plaintiff's claim has never been heard in front of any court or administrative review board. Plaintiff did not waive his right to litigate his sex discrimination claim by pleading guilty to disobeying a direct order. Furthermore, there is no decision on the merits on which to base a claim of res judicata or collateral estoppel. If the grant of summary judgment in *Boyette II* had been granted after full and fair litigation on the merits *instead* of on the basis of preclusion, summary judgment would be appropriate. *See Booth v. Quantum Chemical Corp.*, 942 F. Supp. 580 (S.D.Ga. 1996).

Conclusion

Based on the foregoing, the court is of the opinion that the defendant's motion for summary judgment is due to be denied. An order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

DONE and ORDERED this 29th day of December 1998.

H. DEAN BUTTRAM, JR.
UNITED STATES DISTRICT JUDGE